THOMPSON, Presiding Judge,
concurring in the result in part and dissenting in part.
Because I disagree with that portion of the main opinion that declines to direct the Jefferson Probate Court (“the’ probate court”) to set aside its interlocutory order awarding temporary custody of the child to T.C.M. and C.N.M. (“the prospective adoptive parents”), I must respectfully dissent in part to the main opinion.
Pursuant to the Alabama Adoption Code (“the AAC”), § 26-10A-1 et seq., Ala.Code 1975, the probate court had jurisdiction to consider whether W.L.K. (“the father”) had consented to the adoption. Section 26-10A-3, Ala.Code 1975, vests the probate court with original jurisdiction of proceedings, like the case at bar, brought under the AAC. Ex parte A.M.P., 997 So.2d 1008, 1016 (Ala.2008); see also § 26- *662 10A-24(a)(3) (whether an actual or implied consent to the adoption is valid shall be determined at a contested hearing before the probate court); and § 26-10A-25(b)(2), Ala.Code 1975 (at the dispositional hearing, the probate court is required to find that all necessary consents, relinquish-ments, terminations, or waivers have been obtained before it can enter a final judgment of adoption).
In Ex parte A.M.P., 997 So.2d at 1018, our supreme court held that, “in the absence of a transfer of the contested adoption proceeding], it is the probate court that hears and determines whether all necessary consents or relinquishments, either express or implied, are present.” Section 26-10A-24(d)(3) expressly provides that the probate court “shall dismiss the adoption proceeding” if it finds that the necessary consent to the adoption has not been given. Therefore, as Judge Moore states in his special writing, once the probate court determined in this case that the father had not consented to the adoption, the adoption contest had been adjudicated and § 26-10A-24(e), allowing a contested adoption proceeding to be transferred to the juvenile court, was no longer applicable. 175 So.3d at 660.
I also agree with Judge Moore that the prospective adoptive parents did not provide the probate court with any grounds that would lead to consideration of the termination of the father’s parental rights. Thus, there was no basis for the probate court to transfer the adoption proceeding to the juvenile court for the limited purpose of termination of parental rights pursuant to § 26-10A-3. Accordingly, I believe that the main opinion reached the correct conclusion in directing the probate court to rescind its order transferring the adoption proceeding to the Jefferson Juvenile Court.
I disagree, however, with the main opinion’s statement that the March 19, 2014, order finding that the father had not impliedly consented to the adoption and had not abandoned the mother during her pregnancy did not resolve the entire adoption proceeding. 175 So.3d at 656. To the contrary, because § 26-10A-24(d) mandates dismissal of an adoption proceeding in a case such as this one, in which it is established that the father did not consent to the adoption, and because the prospective adoptive parents have provided no basis calling for a consideration of whether the father’s parental rights should be terminated, I believe that any action the probate court took after denying the parties’ “post-judgment” motions is void for lack of subject-matter jurisdiction.
I have found no authority that allows the probate court to consider matters of child custody once it has been determined that an adoption proceeding is due to be dismissed. The main opinion, relying on Davis v. Turner, 337 So.2d 355 (Ala.Civ.App.1976), states that the probate court retained jurisdiction in this matter even after determining that the father had not consented to the adoption. I do not believe that Davis supports that position. In Davis, the biological mother of the child at issue in that case appealed from a final judgment of adoption. One of the issues on appeal was whether the mother’s initial consent to the adoption could be revoked for legal cause before the entry of a final adoption judgment. 337 So.2d at 360-61. In considering the issue, this court wrote:
“Under the Alabama [adoption] statute it is the state’s sovereign power, manifested by court decree, which brings the adoption to pass. The consent of the natural parent is not the instrument of adoption: rather, the giving of consent at some point is one of the prerequisites to the probate court’s consideration of the subject matter.
*663 “Where this jurisdictional prerequisite has been satisfied at the time of the decree, the decree consummates the adoption and a later withdrawal of consent has no effect. Where a required consent has never been given, the trial court never obtains jurisdiction to proceed to the paramount question of the child’s welfare. In the case before us now, the natural mother gave consent at one point in time but attempted to repudiate this consent, relying on the disability of nonage, prior to the rendition of the final decree.”
337 So.2d at 361 (emphasis added).
In this case, the probate court determined that the father had never given his consent to the adoption; therefore, the probate court “never obtain[ed] jurisdiction to proceed to the paramount question” of determining the child’s best interest or to leave in place the interlocutory order awarding temporary custody of the child to the prospective adoptive parents. In other words, once the probate court found that the father did not consent to the adoption, it lost jurisdiction to make a custody determination regarding the child. At that point, the adoption proceeding should have been dismissed pursuant to § 26-10A-24(d).
Furthermore, under the facts of this case — which, according to the materials before this court include a DNA test indicating the father’s paternity and the father’s written claim of paternity of the child in accordance with Florida’s Putative Father Registry — there is no legal basis for denying the father immediate custody of the child. See, e.g., Stanley v. Illinois, 405 U.S. 645, 650-58, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)(holding that unwed fathers are entitled to a hearing on their fitness before their children are removed from their custody).
For the reasons set forth above, I would grant the father’s petition in full and direct the probate court to vacate the temporary custody order, to place the child in the father’s custody, and to enter a judgment dismissing the adoption proceeding. If the prospective adoptive parents believe they have valid grounds to seek custody of the child, the matter should be initiated in the appropriate court.
DONALDSON, J., concurs.